R. N. MITCHELL, ADMINISTRATOR, v. HAROLD ATKINS.

(Filed 20 October, 1926.)

**Evidence—Negligence—Automobiles—Collisions.**

> Where involved in the issue of negligence, the question arises as to the position upon the highway of plaintiff's and defendant's automobiles at the time of a collision, it is competent for a witness to testify where he saw them immediately after the occurrence, when there is further evidence that their position had not been since changed.

APPEAL by defendant from *Calvert, J.*, at February Term, 1926, of FRANKLIN. No error.

The death of plaintiff's intestate was caused by injuries received by him in a collision, at a curve on the highway between Raleigh and Wake Forest, between a Ford coupe, which he was driving, and a bus, owned by defendant and operated for him by his employee, in the transportation of passengers. The jury answered the issues in accordance with the contentions of plaintiff, and assessed his damages at $10,000. From judgment upon the verdict, defendant appealed to the Supreme Court.

*W. H. Yarborough, Ben T. Holden, and Biggs & Broughton* for plaintiff.

*Mills & Mills and Winston, Winston & Brassfield* for defendant.

PER CURIAM. Defendant's objections at the trial to testimony of witnesses as to the conditions observed by them, upon their arrival at the scene of the wreck, soon after the collision, were properly overruled. This testimony was competent; there was evidence that neither the automobile nor the bus had been moved between the time of the collision and the arrival of the witnesses upon the scene. Their relative positions on the roadside, after the collision, was evidence as to the manner in which the Ford coupe and the bus were being operated immediately before the collision. Plaintiff alleged that the driver of the bus was negligent in that he was operating the bus on the left side of the highway at an excessive rate of speed, and that this negligence was the proximate cause of the injury. There was evidence to sustain this allegation. There was no error in refusing defendant's motion for judgment as of nonsuit. There was sharp conflict in the evidence upon both the issues as to negligence and to contributory negligence. His Honor properly submitted both issues to the jury. There are no exceptions to his charge. The judgment must be affirmed, the trial having been had without error of law. The judgment is affirmed. There is

No error.